From C. P. Addams, Harrisburg, Pa.

---

## Weaver's Petition.

*Costs in Quarter Sessions—Constable's fees where defendant died after true bill—Procedure to compel payment by county.*

1. The liability of the county for the payment of costs in criminal cases is entirely statutory in Pennsylvania, and it is, therefore, incumbent upon the claimant to produce the statute creating the liability for costs in his favor.

2. There is no statute which makes the county liable for fees for the service of warrants and Commonwealth's subpoenas in a case in which a true bill was found and the defendant died before any further proceedings were had; therefore, the court cannot make an order requiring the county to pay said fees.

3. In such a case, the remedy to enforce the payment of costs, if a liability existed, would not be by petition to the Court of Quarter Sessions, but by an action against the county.

Petition for an order directing the county to pay certain fees. Q. S. York Co., April Sess., 1923, Nos. 136 and 137.

*Logan & Logan*, for petition; *Charles Reider*, County Solicitor, contra.

WANNER, P. J.—The petitioner, Charles E. Weaver, who is a constable, prays the court to order the county commissioners to pay his statutory fees for the service of the warrants and several Commonwealth's subpoenas in certain criminal cases, in which the defendant died after a true bill had been found and before any further proceedings were had.

The liability of the county for the payment of costs in criminal cases is entirely statutory in Pennsylvania, and it is, therefore, incumbent upon the claimant to produce the statute creating a liability for these costs in his favor. No statute was cited to the court at the argument of this rule, nor has any been found since, which makes the county liable for the payment of constables' costs for the service of warrants or subpoenas in a criminal case where the defendant has died after a true bill has been found and no trial has been had to fix the liability for the costs upon the county. This whole subject will be found reviewed in the following cases: Com. *v.* Curren, 9 Phila. 623; Kirkendall *v.* Luzerne County, 11 Phila. 575. See, also, Wadlinger on Costs, 405-406; Pennsylvania Law of Costs and Fees, 677 and 682.

The earlier statutes fixing the liability of the county for costs in criminal cases were repealed by the Act of March 31, 1860, P. L. 427. Under that and subsequent statutes will be found specifically set forth the circumstances under which the county in any given case becomes liable for the payment of costs.

It has been uniformly held by the courts that in all omitted cases no liability attaches, and payment of the costs by the county cannot be enforced.

As true bills were found in both of these cases, liability to pay costs by the county could only have attached upon a trial of the case. No such trial occurred, and, unfortunate as it may be for the petitioner in this case, who ought to be paid for the services rendered, there is no act of assembly which requires it, or under which the court could order payment to be made by the County of York.

We are also of the opinion that this is not a proper form of proceeding in which to enforce the liability of the county for payment of these costs, even if such liability existed. Where the grand or petit jury in the forms indicated by the several acts of assembly order the payment of costs by the county, there might be some legal ground for asking the court to make an order in compliance therewith, but in a case like this, where no order for payment of costs has been made by either the petit or the grand jury, the petitioner's remedy would be by action against the county to recover his costs.

And now, to wit, Aug. 6, 1923, the prayer of the petition is refused, at the costs of the petitioner.

From Allen C. Wiest, York, Pa.